**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                       **Case No: 3:02cr20/RV**
                                                             **3:05cv128/RV/MD**

**CARLOS S. DAILEY**

---

## REPORT AND RECOMMENDATION

        This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 253).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

        Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base.  He was sentenced in May of 2002 to a term of 292 months imprisonment.  He did not appeal.  On April 6, 2004, his sentence was reduced to a term of 150 months pursuant to a Rule 35 motion.  (Doc. 247).  The court did not hold a hearing, and the record does not reflect that the court considered any issues other than the Rule 35 motion, including the issue about which the defendant now complains.  Defendant has not filed any post-conviction motions until filing the instant motion to vacate on April 6, 2005, pursuant to the

prison mailbox rule.[1]  In his § 2255 motion defendant contends that his counsel was constitutionally ineffective because he failed to object to the 2 point guidelines adjustment for possession of a firearm.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section.   The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  Defendant's motion was filed nearly 3 years after his conviction became final, but within one year from his resentencing.  He contends that because he filed the motion within one year from the date of his resentencing, his motion is timely.  He is mistaken.

Defendant's conviction became final in June of 2002, when the time for filing a direct appeal elapsed.  All the facts supporting the claim were available to him, and he therefore had one year from that date in which to file the instant § 2255 motion. The fact that he received the benefit of a Rule 35 motion does not alter that fact. Under 18 U.S.C. § 3582(b), a defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the

---

[1]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

government filing a Rule 35 motion. *Reichert v. United States*, 101 Fed. Appx. 13 (6th Cir. 2004); *United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001). *United States v. Schwartz*, 274 F.3d 1220, 1223-24 (9th Cir. 2001). Therefore, when defendant was resentenced following the Rule 35(b) motion by the government, the statute of limitations did not start anew from the date of the resentencing judgment. *Reichert; Sanders, supra.* Consequently, the instant motion is untimely.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 253)  be summarily DISMISSED as untimely.

At Pensacola, Florida, this 19th day of April, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).